940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon D. HOLBROOK, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-5389 to 91-5392.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Vernon D. Holbrook, Sr., appeals from the district court's order denying his motion to vacate sentence which he filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Holbrook pled guilty to certain felony charges in each of five indictments centered on several counts of receiving and concealing stolen property moving in interstate commerce. He was sentenced to a total of fifteen years in prison and ordered to pay a total of $25,000 in fines and $183,139.87 in restitution to his victims.
 
 
 3
 In support of his motion to vacate sentence, Holbrook alleged: 1) he pled guilty without adequate notice that he may be ordered to pay restitution; 2) he was unaware, prior to his guilty plea, that consecutive sentences might be imposed; 3) his guilty plea was involuntary, as it was induced by fear, coercive tactics and illness; 4) he received sentences for charges not contained in the indictment nor his plea agreement; 5) the government failed to reveal certain exculpatory evidence; and 6) he was the victim of prosecutorial misconduct during his plea proceedings. The matter was referred to a magistrate who recommended that his motion be denied. After considering Holbrook's objections to the magistrate's report, the district court adopted that recommendation, denying the motion by order dated March 6, 1991.
 
 
 4
 Upon review, this court concludes that the district court properly denied the motion for the reasons stated in the magistrate's report and recommendation. Pursuant to the holding in Thomas v. Arn, 474 U.S. 140, 155 (1985), the only issues now before this court on appeal are: 1) whether the district court's decision was in error for failure to recognize that illness may have affected Holbrook's competency to plead guilty; 2) whether the restitution order violated the plea agreement; and 3) whether the sentencing court erred by failing to specifically advise Holbrook that restitution could be imposed.
 
 
 5
 Holbrook's general assertions that his illness and certain medication affected his ability to plead are in direct contravention of the evidence in the record. Considering the conclusory allegations by Holbrook, the procedural history of the case and the district court's careful determination, on more than one occasion, of Holbrook's competency, this court declines to grant relief on the basis that he may not have been competent at the time of his plea. This allegation is wholly incredible in the face of the entire record. Blackledge v. Allison, 431 U.S. 63, 74 (1977); Brady v. United States, 397 U.S. 742, 749 (1970).
 
 
 6
 Secondly, Holbrook has not shown that the alleged technical violation of Fed.R.Crim.P. 11 was a fundamental defect that inherently resulted in the complete miscarriage of justice or amounted to an error so egregious that it amounted to a violation of due process, in order to prevail under Sec. 2255. United States v. Timmreck, 441 U.S. 780 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990). The evidence shows that the plea agreement, although silent on the specific issue of restitution, did not indicate that the government in this case would not request such an order. Furthermore, the record shows the movant was aware that alternative fines of up to $250,000 could be imposed. Thus, restitution was properly ordered as provided by statute. United States v. Miller, 900 F.2d 919, 921 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's order denying Holbrook's motion to vacate sentence is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.