968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Athens Carl MCLAUGHLIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5139.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MERRITT, Chief Judge; and KEITH and RYAN, Circuit Judges.
 ORDER
 Athens Carl McLaughlin, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 In 1979, a federal jury in Tennessee convicted McLaughlin on one count of conspiring to distribute heroin and three counts of possessing and distributing heroin. McLaughlin received a 25 year sentence with a three year special parole term. On appeal, the conviction was affirmed, but the case was remanded with directions that the special parole provision of the sentence be vacated.
 
 
 1
 In 1987 and 1990, McLaughlin filed motions to vacate his sentence under § 2255. The motions were denied. In 1991, McLaughlin filed his third motion to vacate his sentence alleging that his counsel was ineffective for failing to raise a venue issue at trial. Furthermore, McLaughlin stated his counsel should have discussed the venue issue with him. The district court denied the motion finding that the ineffective counsel and venue questions were previously raised and rejected by this court. McLaughlin filed this timely appeal raising the same issues he presented to the district court. In addition, McLaughlin argues that: 1) the district court erred by finding the issue of ineffective counsel was previously addressed by this court, and 2) the district judge was biased. He requests leave to proceed in forma pauperis, the appointment of counsel, and a free transcript.
 
 
 2
 Upon de novo review, we conclude that McLaughlin has failed to establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The district court stated that it had previously rejected McLaughlin's ineffective counsel claim that had been raised in a prior motion. A review of the previous § 2255 motions establishes that this is incorrect. The claim had not been previously raised or rejected. Nonetheless, we affirm the judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 3
 We conclude upon review of McLaughlin's prior § 2255 motions to vacate that he had not raised the ineffective counsel issue. Hence, the present motion is not successive. We nonetheless conclude the motion to vacate is an abuse of the writ because McLaughlin failed to present the issue at his first opportunity to do so. See McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991). Furthermore, the claim is without merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.1987). McLaughlin's argument that the district court judge was biased was not raised in the district court. Thus, the issue is not reviewable on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990); Pinney Dock & Transport Co. v. Penn. Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 4
 Accordingly, we grant leave to proceed in forma pauperis for the purposes of this appeal only, deny the remaining requests for relief, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.