972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benny Michael BROWN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5366.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a plea agreement, Benny Michael Brown pleaded guilty to conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to serve 135 months imprisonment plus six years supervised release. His conviction was affirmed on appeal. United States v. Brown, No. 89-6435 (6th Cir. Oct. 9, 1990) (per curiam) (unpublished) (remanded to determine the amount of methamphetamine involved), cert. denied, 111 S.Ct. 1632 (1991). His sentence was affirmed after remand. United States v. Brown, No. 91-5573 (6th Cir. May 1, 1992) (per curiam) (unpublished).
 
 
 4
 In his motion to vacate, Brown claimed (1) that his plea was unknowing because the trial court failed to advise him of a mandatory minimum sentence; (2) that he was denied rights of due process when the Kentucky State Police referred their drug investigation for prosecution in federal court; and (3) that long delays in bringing the matter to trial, in combination with the prosecutor's threats to bring charges against Brown's girlfriend, induced the guilty plea.
 
 
 5
 The matter was referred to a magistrate judge who determined that all claims lacked merit and recommended that the motion be denied. No objections were filed. The district court adopted the report and denied the motion to vacate sentence.
 
 
 6
 On appeal, Brown argues that the district court erred by failing to consider his objections, which he contends were properly filed.
 
 
 7
 Generally, a party who fails to file timely objections to the recommendation of the magistrate judge waives the right to appeal any order of the district court adopting the report and recommendation. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). However, this rule is not jurisdictional, and the court may, in its discretion, choose to hear the appeal. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). We choose to exercise that discretion in the present case.
 
 
 8
 Upon review, we conclude that Brown failed to show that he was denied a constitutional right. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The magistrate judge correctly determined that each of Brown's claims lacks merit. Moreover, the district court did not abuse its discretion by failing to conduct an evidentiary hearing. An evidentiary hearing is not required where, as here, the record conclusively shows that the petitioner is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 9
 Accordingly, the district court's order, entered February 28, 1992, adopting the magistrate judge's report and recommendation, filed November 12, 1991, and dismissing the motion to vacate sentence, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation