978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell Edward LANIER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1522.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1992.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and POTTER, District Judge.*
 
 ORDER
 
 2
 Darnell Edward Lanier, a pro se federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or reduce sentence filed pursuant to 28 U.S.C. § 2255. Additionally, he requests the appointment of counsel and a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On December 10, 1990, Lanier pleaded guilty to a two count information charging him with possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)), and carrying a firearm in relation to a drug trafficking offense (18 U.S.C. § 924(c)). Lanier was sentenced on May 4, 1991 to a 63 month custodial term on the first offense and to a 60 month consecutive custodial term on the second offense.
 
 
 4
 In his motion filed pursuant to 28 U.S.C. § 2255, Lanier raised the following five claims: 1) he received ineffective assistance of counsel; 2) the sentence of greater than one year was unconstitutional; 3) the custodial interrogation violated Minnick v. Mississippi, 111 S.Ct. 486 (1990); 4) prosecutorial misconduct occurred; and 5) the sentencing guidelines violate the Equal Protection Clause of the Fifth Amendment. The district court denied the motion in an order entered April 23, 1992.
 
 
 5
 Upon review, we affirm the order denying Lanier's § 2255 motion as Lanier cannot show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Timmreck, 441 U.S. 780, 784 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Furthermore, Lanier has failed to establish an equal protection violation in the penalty scheme applicable to offenses involving crack cocaine. See United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.1992). His bare allegations of discriminatory treatment, without more, are insufficient to raise even an inference of intentional or purposeful discrimination in his particular case.
 
 
 7
 Accordingly, the requests for counsel and for a transcript at government expense are denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation