985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Osamudiamen A. IGHODARO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6134.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1993.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 Osamudiamen A. Ighodaro, a pro se federal prisoner, appeals a district court order dismissing his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ighodaro pleaded guilty to possession of five or more fraudulent identification documents and student loan fraud. He was sentenced to time served and placed on supervised release. He is presently in the custody of the Immigration and Naturalization Service pending a deportation hearing.
 
 
 3
 In his § 2255 motion, Ighodaro complained of a "miscarriage of justice" in that in paragraph 17 of the presentence report, there was a statement that "these allegations had not been substantiated." He also alleged ineffective assistance of counsel. The district court dismissed the petition as patently frivolous in a memorandum opinion and order entered July 28, 1992.
 
 
 4
 On appeal, Ighodaro reasserts his claims. He further asserts claims based on entrapment, insufficient evidence and denial of due process in that his attorney did not allow him to attend the grand jury hearing.
 
 
 5
 Upon review, we affirm the district court's order because Ighodaro has failed to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Ighodaro's claim that he was denied the effective assistance of counsel is at odds with his statements made at the plea hearing and in the petition to enter a plea of guilty that he was satisfied with counsel's performance. Because this subsequent presentation of conclusory allegations is unsupported by the record, it is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 7
 Based upon review of the record, we conclude that Ighodaro has failed to demonstrate either that counsel's performance was deficient or that but for counsel's erroneous performance he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 8
 Finally, the remaining claims asserted on appeal, i.e., entrapment, insufficient evidence, and denial of due process due to counsel's refusal to allow Ighodaro to attend the grand jury hearing, are not reviewable as these claims were not raised for the first time in the district court. No exceptional circumstances are present that warrant addressing these claims. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991); White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.