986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pete ALEX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3692.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Pete Alex, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1985, Alex was convicted of fourteen counts of mail fraud and two counts of using false social security numbers for which he received a sentence of twenty-eight years. Alex's conviction was affirmed on appeal. United States v. Nowak, Nos. 86-3184/86-3255 (6th Cir. May 7, 1987), cert. denied, 484 U.S. 842 (1987).
 
 
 3
 In March 1992, Alex filed a motion to vacate his sentence under 28 U.S.C. § 2255 alleging that: 1) the trial court violated his Fifth Amendment right to due process by relying upon improper "considerations" during sentencing; 2) the trial court abused its discretion by imposing a twenty-eight year sentence; and 3) his trial counsel was ineffective. The district court denied Alex's motion to vacate. In his timely appeal, Alex argues that: 1) the trial court erred by relying upon improper "considerations" during sentencing; 2) his attorney was ineffective for not objecting to inaccurate information contained in his presentence report; 3) the district court abused its discretion by imposing a twenty-eight year sentence; 4) the sentence constitutes cruel and unusual punishment; 5) the trial court should have conducted an evidentiary hearing on his motion; and 6) the sentence was so disproportional to the crime as to violate the Fifth Amendment.
 
 
 4
 Upon de novo review, we conclude that Alex has failed to establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). The district court did not abuse its discretion in sentencing Alex to twenty-eight years imprisonment. See United States v. Stull, 743 F.2d 439, 448 (6th Cir.1984), cert. denied, 470 U.S. 1062 (1985). Alex's arguments are meritless.
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.