989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Darryl ELLICK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4002.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before BOYCE F. MARTIN, JR. and ALAN E. NORRIS, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Michael Darryl Ellick, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, a federal jury in Ohio convicted Ellick on two counts of possessing a firearm in violation of the Armed Career Criminal Act, 18 U.S.C. § 1202(a)(1), and for making a false statement in connection with the purchase of a weapon contrary to 18 U.S.C. § 922(a)(6). Ellick was sentenced to fifteen years imprisonment. His conviction was affirmed on appeal.
 
 
 3
 In 1988, Ellick filed his first motion to vacate his sentence pursuant to § 2255 raising four grounds for relief. The district court denied the motion and this court affirmed. In 1989, Ellick filed his second motion under § 2255 raising three grounds for relief. The motion was denied and this court affirmed.
 
 
 4
 In 1991, Ellick filed his current motion to vacate alleging that a government witness committed perjury and that his previous state convictions, to which he had pled guilty and which had formed the foundation for his current convictions, were invalid because they were not knowingly and intelligently entered. The district court denied the motion. In his timely appeal, Ellick argues that his motion was not successive and that his guilty pleas were not voluntarily and knowingly entered.
 
 
 5
 Upon review, we conclude that Ellick has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The district court properly dismissed the motion as abusive. See Rule 9(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts; see also McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991).
 
 
 6
 Accordingly, we affirm the judgment of the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior U.S. Circuit Judge for the First Circuit, sitting by designation