993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George FLAHARDY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6307.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 George Flahardy, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 21, 1990, Flahardy pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to 135 months imprisonment.
 
 
 3
 In his § 2255 motion, Flahardy alleged that he was the victim of ineffective assistance of counsel, extortion by the arresting officer, and inadequate medical facilities. The district court summarily denied the motion in an order entered July 28, 1992.
 
 
 4
 Flahardy claims in his present appeal that (1) the district court erred in dismissing his § 2255 motion to vacate without providing findings of fact and conclusions of law, (2) such failure by the district court precluded review of his claim of ineffective assistance of counsel, and (3) the district court erred in denying him certain discovery materials. He requests the appointment of counsel in his appellate brief.
 
 
 5
 Initially we note that Flahardy does not raise the claims regarding extortion or inadequate medical facilities on appeal; therefore, these claims are considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we affirm the district court's order because Flahardy has failed to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Flahardy has failed to show that his counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 689 (1984); Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 7
 Finally, the district court properly denied Flahardy's request for the production of documents. "[A] court must provide discovery in a habeas corpus proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore, entitled to relief....' " Lynott v. Story, 929 F.2d 228, 232 (6th Cir.1991) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Flahardy is unable to demonstrate that he is confined illegally and is, therefore, entitled to relief.
 
 
 8
 For the foregoing reasons, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.