996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry CLAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5205.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Henry Clay was convicted on one count of conspiracy to possess with intent to distribute cocaine. He was sentenced to serve 97 months imprisonment and four years supervised release and ordered to pay a $50 special assessment. His conviction was affirmed on appeal. United States v. Clay, No. 91-5639 (6th Cir. July 14, 1992) (per curiam) (unpublished).
 
 
 3
 In his motion to vacate sentence, Clay maintained that he was denied his right of allocution under Fed.R.Crim.P. 32(a)(1)(C), and that he was denied a downward adjustment based on his minor role in the conspiracy under U.S.S.G. § 3B1.2.
 
 
 4
 The district court determined that Clay's claim of a Rule 32 violation was not cognizable in a § 2255 motion and that Clay was not entitled to a downward adjustment under the sentencing guidelines. The motion to vacate sentence was denied.
 
 
 5
 On appeal, Clay argues that his trial counsel was ineffective for failing to seek a downward adjustment and that his appellate counsel was ineffective for failing to raise the Rule 32 violation on direct appeal.
 
 
 6
 Upon review, we conclude that the motion to vacate sentence was properly denied. Clay has failed to show a fundamental defect in the proceedings that results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 First, Clay's claim that he was denied an opportunity to speak on his own behalf prior to imposition of sentence is not cognizable in a motion to vacate sentence filed under 28 U.S.C. § 2255. See Hill v. United States, 368 U.S. 424, 428 (1962). Second, Clay is not entitled to review under § 2255 of his claim that he was denied a downward adjustment based on his minor role in the conspiracy. Review of his claim is barred because Clay did not raise the issue on direct appeal and has not demonstrated cause and actual prejudice for his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Finally, claims that Clay was denied effective assistance of trial and appellate counsel are not properly before the court because they were not presented to the district court in the motion to vacate sentence. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 Accordingly, the district court's judgment is affirmed.