996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis THOMAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2444.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Lewis Thomas, a pro se Michigan prisoner, appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In July 1991, Thomas pleaded guilty to one count of possession of a controlled substance with intent to distribute, and one count of being a felon in possession of a firearm. The trial court sentenced Thomas to two forty-six month terms of imprisonment, to be served concurrently. Thomas did not file a direct appeal from the imposition of these sentences.
 
 
 3
 In 1975 Thomas was convicted of second degree murder, a felony; and, in August 1981 he was released on parole, which ultimately expired in August 1983. In his motion to vacate sentence, Thomas argues that his subsequent sentence for being a felon in possession of a firearm is invalid because his civil rights, including his right to possess firearms, had been restored to him when his parole for his second degree murder conviction expired in 1983. Additionally, Thomas argues that his conviction for possession of a controlled substance is invalid because the police discovered the controlled substance during the execution of an invalid search warrant for firearms. The district court denied the motion as without merit. Thomas has filed a timely appeal.
 
 
 4
 Upon review, we conclude that Thomas has not shown that the proceedings against him were fundamentally unfair. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Michigan law does not restore a convicted felon's civil rights upon his release from prison, such that he cannot be convicted of possession of a firearm by a felon. See United States v. Driscoll, 970 F.2d 1472, 1480-81 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993). Thomas's convictions are valid because his privilege to own a firearm had not been restored to him at the time he committed his offenses. See Mich.Comp. Law § 28.422(3)(c).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.