**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Hubert R. FERGUSON,
Defendant–Appellant.**

**No. 89–5476.**

United States Court of Appeals,
Sixth Circuit.

Submitted June 15, 1990.

Decided Nov. 6, 1990.

Joseph M. Whittle, U.S. Atty., Terry Cushing, Alexander T. Taft, Jr., Asst. U.S. Attys., Louisville, Ky., for plaintiff-appellee.

Jerome E. Wallace, Louisville, Ky., for defendant-appellant.

Hubert Randall Ferguson, Terre Haute, Ind., pro se.

Before KRUPANSKY and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.

PER CURIAM.

Defendant, Hubert R. Ferguson, appeals the denial of his Fed.R.Crim.P. 36 motion to correct a judgment and commitment order, contending that it does not reflect the sentencing judge's true intent. For the reasons stated below, we affirm the denial of the motion.

### I.

While on parole from unrelated state convictions, Ferguson and a codefendant sold stolen vehicles which had been transported from Indiana to Kentucky. Pursuant to a plea agreement, Ferguson pleaded guilty to four counts of selling and transporting stolen vehicles moving through interstate commerce, in violation of 18 U.S.C. § 2313. He was sentenced to five years on each count, the sentences to be served concurrently to each other, and consecutively to his existing state sentence. The judgment, dated July 18, 1983, stated:

It is the judgment of this Court that the defendant is committed to the custo-

dy of the Attorney General for a period of five years on each of Counts One, Two, Three, and Four in Indictment 83–00034–01–L. Said sentence is to be served concurrently, each with the other, for a total sentence of five years. Said sentence is to be served consecutively to the three-year state sentence the defendant is presently serv[ing] at the Kentucky State Penitentiary at Eddyville, Kentucky.

It is recommended that Mr. Ferguson, when serving his federal sentence, be committed to a federal institution where he can receive help with his alcoholic problems.

Ferguson was also indicted on state charges arising from the same incident. On August 8, 1983, he appeared before a Kentucky circuit court and pleaded guilty to four counts of theft, four counts of receiving stolen property, and a persistent felony offender count. The Kentucky court sentenced him to ten years' imprisonment, to be served consecutively to his existing state sentence but concurrently with his federal sentence.

Ferguson was remanded to the Kentucky State Penitentiary to serve the remaining portion of his previous state sentence. On January 4, 1985, when that sentence expired, Ferguson believed he was to be transferred to a federal penitentiary where, pursuant to the state court judgment, his federal and state sentences would run concurrently. Instead, he was informed by state prison officials that he would remain at the state penitentiary to serve his subsequent sentence but would receive credit toward the service of his federal sentence.

On September 2, 1988, Ferguson was paroled from the ten-year state sentence and was transferred to federal custody. Officials at the federal penitentiary refused to give him credit for the three years and eight months he had served on his state sentence. They maintained that, pursuant to 18 U.S.C. § 3568,[1] his federal sentence did not begin to run until he was received at a federal penitentiary unless the Attorney General had designated a state institution as the place of service of the federal sentence. 18 U.S.C. § 4082(b). Since the Attorney General had made no designation in his case, they asserted that Ferguson would not receive credit.

Ferguson filed a *pro se* motion in federal district court on February 23, 1989 asking the court to correct its judgment and commitment order of July 18, 1983 to state that his five-year federal sentence was to commence on January 4, 1985, when his previous state sentence expired. Senior Judge Charles Allen, who had originally sentenced Ferguson for the federal offenses, entered a memorandum opinion and order denying Ferguson's motion.

Ferguson appealed to this court, which ordered that appellate counsel be appointed. In the brief filed on his behalf, counsel argued that the *pro se* motion should be construed on appeal as a motion to vacate sentence under 28 U.S.C. § 2255. Counsel maintained that the district court failed to properly inform Ferguson of the direct consequences of his plea as required by Fed.R. Crim.P. 11, and that he received ineffective assistance of counsel.

## II.

The district court considered the *pro se* motion under Fed.R.Crim.P. 36, which provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

In denying Ferguson's motion, the district court reasoned:

1. Section 3568 provided, in part:

 The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The section was repealed effective November 1, 1987 by the Comprehensive Crime Control Act of 1984.

Defendant now contends that the sentence which this Court imposed should be corrected to require that the five year sentence run concurrently with the ten year state sentence. The problem with the defendant's contention is two-fold. First, there is no showing that this Court made any mistake which requires correction, inasmuch as this Court, according to the defendant himself, advised him at the sentencing that it had no power to impose a federal sentence which would run concurrently with a state sentence which had not yet been imposed. Secondly, the motion of the defendant appears to be a motion which would, in effect, reduce the term of his imprisonment. Such motions are to be made within 120 days of the date of imposition of the original sentence and the Court may not consider the motion filed after that period of time.

We affirm the denial of Rule 36 relief upon the reasoning of the district court. The language of the Rule confines its relief to the correction of clerical errors, oversights, and omissions. *See United States v. Davis*, 707 F.2d 880, 884 (6th Cir.1983); *United States v. Barnes*, 313 F.2d 325, 327–28 (6th Cir.1963). *See also United States v. Mares*, 868 F.2d 151 (5th Cir.1989) (claim for time served prior to date of federal sentence is not cognizable in a proceeding pursuant to Rule 36); C. Wright, Federal Practice & Procedure § 611 (2d ed. 1982) ("If the entry is inaccurate Rule 36 provides a remedy.... It is only clerical error that may be corrected at any time under this rule."). In essence, Ferguson asks that his federal sentence be substantively altered so that it will have commenced at a specified date. That relief is not within the ambit of Rule 36.

On appeal, Ferguson, through his appointed counsel, asserts for the first time that he is entitled to relief under 28 U.S.C. § 2255, which permits courts to vacate sentences which were imposed "in violation of the Constitution or laws of the United States." He claims that the district court did not advise him of a direct consequence of his plea when it failed to inform him that under 18 U.S.C. § 3568, his federal sentence would not begin to run until he was received into federal custody or a special designation was made as described in 18 U.S.C. § 4082(b).

 Although *pro se* complaints are to be liberally construed, the failure to first present claims to the district court generally forecloses our consideration of these matters on appeal. *See United States v. Willis*, 804 F.2d 961, 964 (6th Cir.1986); *United States v. Polselli*, 747 F.2d 356 (6th Cir.1984) (per curiam), *cert. denied*, 469 U.S. 1196, 105 S.Ct. 979, 83 L.Ed.2d 981 (1985). But, even were we to take cognizance of the claim, we would find no merit in Ferguson's contention. To prevail under section 2255, Ferguson must show a "fundamental defect which inherently results in a complete miscarriage of justice," or, an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1968). With regard to Rule 11, the Supreme Court has stated that a "technical" violation of the rule does not warrant section 2255 relief. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

 Fed.R.Crim.P. 11 requires that before accepting a guilty plea, a court must inform the defendant of, and ensure the defendant understands, the nature of the charges against him, the mandatory minimum penalty, and the maximum possible penalty provided by law. Aside from the requirements of Rule 11, a guilty plea must be voluntarily entered with a full understanding of the direct consequences of the plea. *United States v. Williams*, 899 F.2d 1526, 1531 (6th Cir.1990); *Caudill v. Jago*, 747 F.2d 1046 (6th Cir.1984); *see Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). However, under the great weight of the authority, whether a federal sentence runs consecutive to or concurrent with a state sentence is not considered a direct consequence of the plea. *United States v. Ray*, 828 F.2d 399, 417–19 (7th Cir.1987); *Clemmons v. United States*, 721 F.2d 235, 238 (8th Cir.

1983); *Cobb v. United States*, 583 F.2d 695, 696–97 (4th Cir.1978) (per curiam); *Kincade v. United States*, 559 F.2d 906, 908–09 (3d Cir.), *cert. denied*, 434 U.S. 970, 98 S.Ct. 519, 54 L.Ed.2d 458 (1977); *United States v. Saldana*, 505 F.2d 628, 629 (5th Cir.1974) (per curiam); *Williams v. United States*, 500 F.2d 42, 44 (10th Cir.1974). *Contra United States v. Myers*, 451 F.2d 402 (9th Cir.1972). "[T]he running of the sentence is not an immediate and direct consequence of the plea, nor is it an enlargement of the federal sentence.... [S]ection 3568 has no effect whatsoever upon the length or nature of the federal sentence—although it delays the start of the sentence, it does not change the *nature* of the federal sentence." *Ray*, 828 F.2d at 418 (emphasis original) (citing *Cobb*, 583 F.2d at 696–97 and *Kincade*, 559 F.2d at 909). No relief is available under section 2255 because the court did not violate the Constitution or the laws of the United States by neglecting to inform him of the operation of 18 U.S.C. §§ 3568 and 4082(b).

Ferguson also raises an ineffective assistance of counsel claim for the first time on appeal. He asserts that because his counsel failed to ask the district court to recommend the designation of a state facility as the place of service for his federal sentence, his counsel failed to meet the minimum standards of competency required in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Whether his attorney's assistance was deficient and whether, but for the errors, his sentencing would have been different involve factual determinations which should be initially addressed by the district court.

### III.

The judgment of the district court is affirmed.