945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph P. MOORE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1467.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1991.
 
 Before KENNEDY and DAVID A NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Moore appeals the denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the district court in April 1988, Moore was convicted of conspiracy to possess with intent to distribute cocaine. Moore was sentenced by the district court under the sentencing guidelines to 96 months imprisonment followed by a 3 year term of supervised release. Moore's conviction was affirmed by a panel of this court on direct appeal. United States v. Moore, No. 88-1788 (6th Cir.Nov. 2, 1990) (per curiam) (unpublished).
 
 
 3
 Thereafter, Moore filed pro se his motion to vacate sentence in the district court. The government filed an answer to the motion and Moore filed a response. The district court denied the motion as without merit. On appeal, Moore has retained counsel and contends that he received ineffective assistance of counsel at trial and at sentencing. Upon consideration, we conclude that Moore's claims of ineffective assistance of counsel are unsubstantiated.
 
 
 4
 The question of whether Moore was a knowing participant in the underlying conspiracy was determined adversely to petitioner by the jury in determining his guilt, and this court concluded that the jury's determination was supported by constitutionally adequate evidence on direct appeal. Therefore, the district court is not required to again make this determination of fact under Fed.R.Crim.P. 32. Moore has alleged no other basis upon which counsel could have objected to the quantity of drugs used in determining his sentence. Moreover, Moore has alleged nothing at trial that would rise to the level of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Stamps v. Rees, 834 F.2d 1269, 1276 (6th Cir.1987), cert denied, 485 U.S. 980 (1988). Insofar as Moore seeks to raise issues here that were not presented to the district court, finally, we are foreclosed from considering them. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.