963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lee SAMMONS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6079.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Michael Lee Sammons appeals the district court's order denying his motion for Fed.R.Crim.P. 35(b) relief and petition for relief under 28 U.S.C. § 2255. Additionally, he has filed a motion for counsel, a motion for expedited consideration without oral argument, and a motion for miscellaneous relief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Sammons was convicted by a judge of violating the Travel Act (18 U.S.C. § 1952(a)(3)), possessing marijuana with intent to distribute (21 U.S.C. § 841), importing marijuana (21 U.S.C. § 952(a)), and conspiring to import and distribute marijuana (21 U.S.C. §§ 846 and 963). He was sentenced to a 22 year term of imprisonment to be followed by a five year special parole term. Sammons's conviction was affirmed on appeal. See United States v. Sammons, 918 F.2d 592 (6th Cir.1990).
 
 
 3
 On December 7, 1990, Sammons filed his Rule 35(b) motion and § 2255 petition alleging the following: 1) that he was denied "requested appointed counsel for two weeks" and thereby was denied the opportunity to plea bargain; 2) that the government's seizure of $9020 prevented him from employing counsel of his choice; 3) that his waiver of a jury trial was not "knowingly or intelligently entered;" and 4) that "Judge Edgar participated in plea negotiations in violation of Rule 11(e) of the Federal Rules of Criminal Procedures."
 
 
 4
 By order and judgment entered June 28, 1991, the district court denied the relief sought under Rule 35(b) and 28 U.S.C. § 2255. On July 5, 1991, Sammons filed a motion to reconsider. Reconsideration was denied by order filed August 15, 1991. Sammons appealed the denial of reconsideration on August 26, 1991.
 
 
 5
 Upon review, we affirm the district court's order denying relief under Fed.R.Crim.P. 35. This court held in Sammons's direct appeal that sentencing Sammons to maximum terms of imprisonment on each count was not excessive in view of Sammons's extensive prior criminal history. See Sammons, 918 F.2d at 605. Thus, it was proper for the district court to deny Sammons relief under Fed.R.Crim.P. 35.
 
 
 6
 Upon further review, we affirm the order denying Sammons's § 2255 motion as Sammons cannot show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Accordingly, the motions for counsel and for expedited consideration are denied, the motion for miscellaneous relief is denied as moot, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.