977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Bradley Jones BEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5692.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1992.
 
 Before SILER and BATCHELDER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Charles Bradley Jones Bey, appeals the district court's judgment denying his motion filed pursuant to 28 U.S.C. § 2255. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On December 30, 1989, petitioner was convicted by a jury of two armed bank robberies in Memphis, Tennessee. He was sentenced to a term of imprisonment of 151 months, plus 3 years supervised release. His conviction was affirmed on appeal. See United States v. Jones, No. 89-5639, unpublished op. (6th Cir. Feb. 28, 1990).
 
 
 3
 In his motion filed pursuant to 28 U.S.C. § 2255, petitioner claimed his counsel's assistance was ineffective in three respects: 1) his counsel failed to call as witnesses, at a pretrial suppression hearing, petitioner's aunt and uncle to say that they did not consent to FBI agents entering their residence where petitioner was visiting; 2) his counsel failed to obtain a written report from an independent fingerprint expert concerning the expert's findings in agreement with the government expert; and 3) his counsel failed to appeal the judgment of conviction along with the ruling of the trial court on the issue of warrantless arrest and seizure of property. The district court denied the motion on April 1, 1992.
 
 
 4
 Upon review, we conclude that the 28 U.S.C. § 2255 motion to vacate sentence was properly denied as petitioner has failed to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Petitioner has failed to show that his counsel's performance was deficient or that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 5
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.