978 F.2d 1258
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky Lee EDWARDS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3410.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He moves for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ricky Lee Edwards pleaded guilty to a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He was sentenced to serve fifteen years imprisonment concurrent with a state sentence he was then serving. He did not appeal the conviction or sentence.
 
 
 3
 In his motion to vacate sentence, Edwards claimed that the guilty plea was involuntary because counsel did not advise him that the underlying indictment could be challenged on grounds of prosecutorial misconduct. Edwards maintained that the prosecutor improperly presented a state court plea of guilty for consideration by the grand jury. He asserted that counsel did not tell him that he could challenge the indictment on this basis, and that he would not have pleaded guilty if he were properly advised by counsel.
 
 
 4
 Upon review, we conclude that the motion to vacate sentence was properly denied. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). To prevail on his challenge to the voluntariness of his plea, Edwards must establish not only a constitutional infirmity in the proceedings but also show that, under the circumstances, counsel's advice was not competent. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Edwards has not met this standard.
 
 
 5
 Accordingly, the motion for appointment of counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.