983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert W. BORSCHELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1833.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert W. Borschell appeals a district court order dismissing his motion to vacate filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Borschell pled guilty to possession of phenylacetone with intent to manufacture methamphetamine. The district court sentenced Borschell to ten years imprisonment to be followed by a four year term of supervised release. Borschell did not file a direct appeal. Instead, he filed a motion to vacate challenging the scheduling of methamphetamine. The district court denied the motion and this court affirmed the denial on appeal.
 
 
 3
 In 1991, Borschell filed a second motion to vacate, alleging that: 1) the Assistant United States Attorney violated the terms of a plea agreement; 2) he was denied effective assistance of counsel; 3) the goverment subjected him to impermissible selective prosecution; 4) the district court improperly sentenced him to four years of supervised release; and 5) an unwarranted disparity existed between his sentence and the sentences of his co-conspirators. Addressing the substance of Borschell's claims, the magistrate judge concluded that the claims were meritless and recommended dismissing the motion. However, the district court declined to dismiss the case on the merits. Rather, the court concluded that Borschell's present motion constituted an abuse of writ, and dismissed the case on that basis. Borschell has filed a timely appeal.
 
 
 4
 Initially, we decline to affirm the district court's dismissal of Borschell's motion to vacate as an abuse of the writ because Borschell never had an opportunity to explain why he failed to present his claims in his prior § 2255 motion to vacate, nor had the respondent argued that the petition constituted an abuse of the writ. Cf. McCleskey v. Zant, 111 S.Ct. 1454, 1470-71 (1991). Nonetheless, we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 5
 Upon review, we conclude that Borschell has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.