989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Donald STERN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4013.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1993.
 
 Before: MARTIN and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Stern, a pro se federal prisoner, appeals from an order of the district court denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stern pleaded guilty to possession of approximately four kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Stern was sentenced to 108 months in the federal penitentiary. Stern appealed from his sentence. This circuit court affirmed the judgment of sentence.
 
 
 3
 Stern raised eight issues of error in his motion to vacate. First, Stern alleged ineffective assistance of counsel. Second, Stern alleged selective prosecution. Third, Stern alleged that the sentencing court inappropriately enhanced his guidelines by taking into consideration two additional kilograms of cocaine. Fourth, Stern alleged that the sentencing court improperly enhanced the sentencing guideline range through a finding that firearms were involved in the criminal offense. Fifth, Stern alleged that his guilty plea was not entered into knowingly and intelligently. Sixth, Stern alleged that he was not allowed to withdraw his guilty plea. Seventh, Stern alleged that the government vioalted the plea agreement. Eight, Stern alleged that there was not probable cause to issue a search warrant.
 
 
 4
 On appeal, Stern raises three additional issues. Stern contends that the district court should have appointed him counsel, that the district court should have ordered that transcripts be prepared for Stern, and that the district court did not address several issues contained within Stern's motion to vacate.
 
 
 5
 Upon review, we affirm the order of the district court denying Stern's motion. We are satisfied that Stern failed to show a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The district court's opinion and order is thorough and well-reasoned, and we adopt it as the opinion of this court.
 
 
 6
 The issues raised for the first time on appeal are meritless. To obtain a free transcript pursuant to 28 U.S.C. § 753(f), the movant "must make a showing of need and nonfrivolousness...." United States v. MacCollom, 426 U.S. 317, 322 (1976). Stern neither showed nonfrivolousness nor need. Further, we find no error in the district court's failure to appoint counsel to Stern. In the absence of an evidentiary hearing, counsel may be appointed "if the interests of justice so requires." Rule 8(c), Rules Governing Section 2255 Proceedings. Stern neither requested nor moved for appointment of counsel, and he gives no reason on appeal why the interests of justice required appointment of counsel. Finally, contrary to Stern's bald allegation, we conclude that the district court addressed all those issued raised by Stern in his motion to vacate.
 
 
 7
 Accordingly, the order of the district court denying Stern's motion to vacate is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.