999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Delbert DOSS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1066.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Edward Delbert Doss, a pro se federal prisoner, appeals from an order of the district court denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Doss was found guilty by a jury of possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1), of possessing a firearm during drug trafficking in violation of 18 U.S.C. § 924(c), and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), Doss was sentenced to serve an aggregate term of 260 months imprisonment. On direct appeal, Doss's conviction was affirmed.
 
 
 4
 Doss raised eight issues in his motion to vacate his sentence. Doss argued that: (1) the restoration of his civil rights precluded consideration of his prior convictions in connection with § 922(g)(1) and § 924(e); (2) his counsel's stipulation to a prior conviction denied him effective assistance of counsel; (3) the disclosure of a prior conviction denied him his rights to a fair trial and to the effective assistance of counsel; (4) the prosecutor engaged in misconduct by withdrawing immunity from a witness; (5) the prosecutor improperly vouched for government witnesses; (6) the prosecution failed to prove that Doss had knowledge that the firearm he possessed had travelled through interstate commerce; (7) the prosecution failed to prove a present connection between the possession of the firearm and interstate commerce; and (8) trial counsel's failure to call a witness to the stand, and his failure to offer the witness's affidavit into evidence, resulted in ineffective assistance of counsel. The district court summarily denied Doss's motion, and, on appeal, this court remanded the case to the district court for a statement of reasons for its denial of Doss's motion. Upon remand, the respondent, pursuant to the district court's order, filed a responsive pleading, and Doss replied to the respondent's response. The district court entered a memorandum clarifying its denial of Doss's motion, concluding that the denial still stood. The present appeal followed.
 
 
 5
 Upon review, we affirm.
 
 
 6
 In order to prevail on an ineffective assistance of counsel claim, Doss must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A strong presumption exists "that counsel's performance [fell] within the 'wide range of professional assistance.' ... [and Doss] bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Further, "[e]ffective assistance is presumed and the court will not question matters which involve trial strategy." United States v. Chambers, 944 F.2d 1253, 1272 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 and 1680 (1992). We are satisfied that Doss has not shown that his counsel's representation fell below an objective standard of reasonableness.
 
 
 7
 As to Doss's remaining claims, he showed neither "cause" excusing his failure to raise these claims on direct appeal nor "actual prejudice" resulting from the alleged errors. See United States v. Frady, 456 U.S. 152, 166-68 (1982). Therefore, on those claims, Doss is precluded from obtaining relief. Moreover, a review of the merits of Doss's claims indicates that he has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Accordingly, the order of the district court denying Doss's motion to vacate is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation