1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Phillip COX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5027.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1993.
 
 Before: KEITH and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Fed.R.Crim.P. 11(e) plea agreement, Danny Phillip Cox pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. Sec. 846(a)(1). On August 12, 1988, Cox was sentenced to 33 months incarceration and five years supervised release. He did not pursue a direct appeal.
 
 
 3
 In his motion to vacate sentence, Cox claimed that the imposition of a five year term of supervised release was illegal. He maintained that the district court relied on an error in the presentence report, i.e., that the offense was a Class B felony, in setting the term of supervised release. He contended that the offense was a Class C felony with a maximum term of three years supervised release.
 
 
 4
 Upon review, we conclude that the motion to vacate sentence was properly denied. Cox has not shown a fundamental defect in the proceedings that results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Cox is not entitled to review under Sec. 2255 of his claim of an illegal sentence because he did not raise the issue on direct appeal and has not demonstrated cause and actual prejudice for his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982). As cause, Cox maintains only that he "was told that because [he] plead guilty [he] could not appeal by [his] attorney." Even if Cox's explanation of "cause" were persuasive, he has not shown prejudice.
 
 
 6
 Cox maintained that he was convicted of a Class C felony with a maximum three year term of supervised release. His argument lacks merit. The sentencing statute in effect at the time of sentencing provided that if the maximum term of imprisonment is twenty years or more, the offense is classified as a Class B felony. 18 U.S.C.A. Sec. 3559(a)(1)(B) (West 1985). As noted in the plea agreement, the maximum statutory penalty for the offense of conviction was twenty years. The authorized term of supervised release for a Class B felony may not exceed five years. 18 U.S.C. Sec. 3583(b)(1).
 
 
 7
 Accordingly, the district court's order denying the motion to vacate sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.