2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald BATTS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5342.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 
 2
 Donald Batts, a pro se federal prisoner, appeals from a judgment of the district court denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Batts was named in count one of a sixteen count grand jury indictment and was charged with conspiracy to possess with intent to distribute, and distribution of, cocaine in violation of 21 U.S.C. Secs. 841(a)(1), and 846. Batts was convicted by a jury on September 7, 1990, and was sentenced to 151 months of imprisonment. Batts's sentence and conviction were affirmed on direct appeal, and the United States Supreme Court denied certiorari.
 
 
 4
 Batts then filed the present motion to vacate his sentence arguing that he received ineffective assistance of trial and of appellate counsel and that his sentence should be reduced in light of certain amendments to the Federal Sentencing Guidelines.
 
 
 5
 To prevail on an ineffective assistance of counsel claim, a petitioner must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A strong presumption exists that counsel's performance fell within the wide range of acceptable professional assistance, and the petitioner bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). The Strickland standard is applicable to claims of ineffective assistance of appellate counsel. Bowen v. Foltz, 763 F.2d 191, 195 (6th Cir.1985).
 
 
 6
 Batts's claim is little more than an assertion that his conviction was based upon insufficient evidence and that his sentence was improper in light of his alleged minimal participation in the conspiracy. Batts faults both trial and appellate counsel for not adequately developing these issues. Batts fails to show, however, that either trial or appellate counsel's representation fell below an objective standard of reasonableness. Batts concedes that trial counsel did make an issue of Batts's alleged minimal participation in the conspiracy. Moreover, Batts's appellate counsel effectively raised the issues of the sufficiency of the evidence and the propriety of the sentence. Batts's conclusory allegation that his trial counsel was ineffective for his failure to consider "confidential information" is once again little more than an allegation that the evidence was insufficient to sustain his conviction and that his sentence did not appropriately reflect his alleged minimal participation in the conspiracy. Again, those issues were effectively raised by both trial and appellate counsel.
 
 
 7
 Batts also argues that his sentence should be reduced based upon certain amendments to the Federal Sentencing Guidelines. This argument, however, does not present a constitutional claim and, therefore, review is not appropriate pursuant to Sec. 2255. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976) (citing Sunal v. Large, 332 U.S. 174, 178 (1947)). Further, Batts has demonstrated neither "cause" excusing his failure to raise this claim on direct appeal, nor "actual prejudice" resulting from the alleged error and, therefore, relief under Sec. 2255 is unavailable. United States v. Frady, 456 U.S. 152, 164, 167 (1982). Moreover, Batts's claims are meritless. None of the alleged amendments to the sentencing guidelines cited by Batts is an appropriate basis for a reduction in Batts's sentence. Therefore, the district court did not commit error by refusing to modify Batts's sentence. See United States v. Rodriguez, 989 F.2d 583, 587 (2d Cir.1993).
 
 
 8
 In sum, Batts has failed to show a fundamental defect in the proceedings which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 9
 Accordingly, Batts's request for counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation