4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph P. MOORE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1158.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1993.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Petitioner moves for leave to proceed in forma pauperis on the appeal; respondent has filed a motion to dismiss.
 
 
 3
 Following a jury trial in 1988, Joseph P. Moore was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced to serve 96 months imprisonment and 3 years supervised release. His conviction was affirmed on appeal. United States v. Moore, No. 88-1788 (6th Cir. Nov. 2, 1990) (per curiam) (unpublished).
 
 
 4
 In his motion to vacate sentence, Moore maintained that the district court at sentencing erred by failing to consider the scope of his relevant conduct, as distinguishable from that of his more culpable coconspirators, when determining sentence. Additionally, Moore asserted that a change in the language of a sentencing guideline, U.S.S.G. Sec. 1B1.3, entitles him to resentencing.
 
 
 5
 Upon review, we conclude that the motion to vacate was properly dismissed. Moore has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). A motion may be dismissed as successive if it asserts grounds already rejected on the merits and the ends of justice would not be served by reaching the merits again. Sanders v. United States, 373 U.S. 1, 15 (1963). The ends of justice require the court to review the claims if the petitioner supplements his claims with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 6
 Moore's motion is an impermissible successive motion because he failed to assert new grounds and the prior denial was on the merits. The present motion is merely a restatement of his prior claim that the district court failed to make a proper determination of the quantity of drugs on which his sentence could be based. Although he had not previously argued that the district court improperly applied sentence guidelines, he did seek relief on grounds that his sentence reflected the amount of drugs involved in the conspiracy as a whole and not an amount attributable to what was reasonably foreseeable based on his allegedly limited participation. It is recognized that identical grounds may often be proved by different factual allegations or supported by different legal arguments. Sanders, 373 U.S. at 16.
 
 
 7
 Moore has not made a colorable showing of factual innocence. As determined on direct appeal, the evidence was sufficient to support Moore's conviction.
 
 
 8
 Accordingly, the motion for leave to proceed as a pauper is granted for the purposes of addressing the appeal, and the government's motion to dismiss is denied as moot. The district court's order denying the motion to vacate sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation