9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. ROBINSON, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 93-5474.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 James E. Robinson is a Kentucky prisoner who appeals pro se from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Robinson pleaded guilty to one count of selling cocaine in exchange for the Commonwealth's agreement to recommend the dismissal of a persistent felony offender charge. The Commonwealth also agreed to recommend a sentence of eight years' imprisonment if Robinson paid $1,250.00 in restitution to the police, which was the amount that they had paid him for the cocaine. At sentencing, the Commonwealth increased its recommendation to nine years' imprisonment because Robinson had not made restitution. Robinson attempted to withdraw his guilty plea at that time because he had not known that he was still under probation when it was entered. The trial court denied the motion because Robinson's probation had not been at issue when the plea bargain was struck. The court then sentenced Robinson to nine years' imprisonment on the cocaine charge.
 
 
 4
 Robinson raised four claims in his current petition: 1) he was denied due process and equal protection because the Commonwealth increased its sentencing recommendation; 2) his guilty plea was invalid because he believed that he was not on probation; 3) his trial counsel was ineffective because counsel did not adequately investigate his probationary status; and 4) he should have been allowed to withdraw his plea when the mistake regarding his probationary status was discovered. On March 18, 1993, the district court adopted a magistrate judge's recommendation over Robinson's objections and dismissed the petition. It is from this judgment that Robinson now appeals.
 
 
 5
 Upon review, we conclude that the petition was properly dismissed for the reasons stated by the magistrate and the district court. The trial court did not violate Robinson's rights to due process or equal protection by accepting the Commonwealth's increased sentencing recommendation because the sentence was within the range allowed by statute and because Robinson understood that he might receive an even greater sentence when he entered his plea. See Vasquez v. Cooper, 862 F.2d 250, 254-55 (10th Cir.1988). Robinson's plea was constitutionally valid despite the alleged misunderstanding regarding his probation because the alleged error did not affect the direct consequences of his plea. See United States v. Ferguson, 918 F.2d 627, 630-31 (6th Cir.1990) (per curiam); Brown v. Perini, 718 F.2d 784, 788-89 (6th Cir.1983). Robinson's trial counsel was not ineffective because it was not unreasonable for counsel to rely on Robinson's own representations regarding his probationary status. Finally, the trial court did not abuse its discretion by refusing to allow Robinson to withdraw his plea because the alleged misunderstanding was not a factor in plea negotiations and because Robinson's guilty plea was constitutionally valid.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation