19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy CARNEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5819.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1994.
 
 1
 Before: JONES and BOGGS, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 Leroy Carney appeals pro se from a district court judgment denying his Motion to Vacate Sentence filed under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Carney was convicted of robbing a federally insured bank with a firearm and sentenced to 111 months of imprisonment. 18 U.S.C. Secs. 924(c)(1) and 2113(d). In his current motion, Carney alleged that he was denied effective assistance of counsel because counsel failed to adequately investigate his case and to obtain forensic testing of a mask that was worn during the robbery. He also alleged that he was denied due process because the government did not make a timely disclosure of the mask to the defense. The district court denied the motion on May 24, 1993, and Carney now appeals. He also requests funding to pay a forensic expert.
 
 
 4
 Upon review, we conclude that Sec. 2255 relief was properly denied because Carney failed to demonstrate a fundamental defect which resulted in a complete miscarriage of justice or a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). To establish ineffective assistance of counsel, Carney must show that counsel's performance was deficient and that the result of his trial would have been different but for counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Carney argues that his counsel failed to investigate and obtain witnesses to corroborate his alibi defense, failed to refute the testimony of the government's witnesses, and failed to move for a continuance so that independent forensic tests could be performed on the mask. However, several witnesses identified Carney as the robber and described a truck similar to his as the get-away car. They also described clothes, shoes and a beeper that were similar to those found in Carney's house. In light of this evidence, there was not a reasonable probability that the jury would have reached a different verdict, even if counsel had conducted a more thorough investigation. In addition, we note that counsel did submit testimony to support Carney's alibi defense and that counsel impeached the government's witnesses by demonstrating inconsistencies in their testimony.
 
 
 5
 Carney also argues that he was denied due process because there was not sufficient time to have independent forensic testing performed on the mask when it was disclosed. However, the failure to disclose exculpatory material does not amount to error of a constitutional dimension unless it deprives the defendant of a fair trial. United States v. Agurs, 427 U.S. 97, 108 (1976). To do so, the disputed evidence must raise a reasonable doubt as to the defendant's guilt. Id. at 112-13. In the present case, there is no indication that subjecting the mask to independent testing would have yielded exculpatory evidence. Moreover, there was other evidence which strongly supports the jury's finding of guilt.
 
 
 6
 Accordingly, Carney's request for funding is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation