25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carl Edward NEISLER, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6540.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1994.
 
 Before: SUHRHEINRICH, BATCHELDER and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Carl Edward Neisler, Jr., a pro se Tennessee prisoner, appeals a district court judgment partially denying his motion to modify, vacate, or set aside his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In July 1992, Neisler pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) and was sentenced to 12 months of imprisonment to be followed by two years of special parole. Neisler did not file a direct appeal.
 
 
 3
 The district court construed Neisler's first motion to vacate as a motion filed under 18 U.S.C. Sec. 3582(c)(2) and denied the relief sought, concluding that Neisler's claim was without merit. In his current motion, Neisler argued that his conviction was improper because the statute under which he was convicted is constitutionally invalid under the Equal Protection Clause and that his sentence was improper because the government incorrectly calculated his criminal history category pursuant to U.S.S.G. Sec. 4A1.1(a). The government filed a response admitting that it had improperly calculated Neisler's criminal history category, but arguing that the conviction itself was proper. Upon review, the district court concluded that Neisler's conviction was constitutional; nonetheless, it vacated his original sentence, amended the presentence report to reflect a criminal history category of II instead of III and a sentence guideline range of 8-14 months rather than 10-16 months. Neisler was then resentenced to 10 months of imprisonment. Neisler has filed a timely appeal, reasserting his argument that the statute under which he was convicted is unconstitutional.
 
 
 4
 Upon review, we affirm the district court's judgment because Neisler has not shown any defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The statute under which Neisler was convicted, 18 U.S.C. Sec. 922(g)(1), does not violate the Equal Protection Clause merely because it permits referral to relevant state law for determining whether the defendant has had his civil rights restored to him. Diversity of treatment under state law in this context is not only permitted under the Constitution, but is protected and guaranteed under the Constitution, given our system of dual sovereignty between the states and federal government. See Gregory v. Ashcroft, 111 S.Ct. 2395, 2399-2400 (1991).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.