25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Irving SEALS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2561.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Irving Seals, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1989, a jury found Seals guilty of one count of distributing cocaine and one count of attempted use of a communications facility in violation of 21 U.S.C. Secs. 841, 843 and 846. Seals was sentenced to ten years of imprisonment. This court has affirmed Seals's conviction, on appeal.
 
 
 3
 In his motion to vacate sentence, Seals argued that he received ineffective assistance of counsel because: 1) counsel did not advise him of his right to testify; 2) counsel prevented him from testifying as a witness on his own behalf after making a tactical decision that Seals's prior convictions, based on guilty pleas, could be used to impeach him; 3) counsel did not investigate the constitutional validity of the prior convictions; and 4) counsel did not hire an expert to make a comparison of Seals's voice and the voice contained on an audio tape that was admitted into evidence. The district court concluded that Seals's claims were without merit and denied the petition without requiring the respondent to file a response to the motion. Seals has filed a timely appeal and a motion to proceed in forma pauperis. The government has filed a motion to dismiss because Seals has not paid his filing fee.
 
 
 4
 Upon review, we affirm the district court's judgment dismissing Seals's claim of ineffective assistance of counsel, but only to the extent it is premised upon his first three supporting arguments. As for these three assertions, Seals has not shown any defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Seals has not overcome the presumption that counsel's performance in this regard might be considered sound trial strategy. See Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 5
 We vacate the district court's judgment, however, as to Seals's fourth supporting argument asserting that counsel failed to hire an expert witness. In the absence of a response from the government and an affidavit from defense counsel, the record is insufficient to permit this court to make an independent judicial evaluation of counsel's performance, see Ward v. United States, 995 F.2d 1317, 1322 (6th Cir.1993), and to ensure that counsel acted reasonably under all the circumstances. See Sims v. Livesay, 970 F.2d 1575, 1580-81 (6th Cir.1992); Workman v. Tate, 957 F.2d 1339, 1345-46 (6th Cir.1992).
 
 
 6
 Accordingly, we hereby deny the government's motion to dismiss as it is not based on the court's lack of jurisdiction. Rule 8(a)(1), Rules of the Sixth Circuit. We grant Seals in forma pauperis status for the purposes of this appeal only, and affirm in part and vacate in part the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.