69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Lee DILLON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-5331.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 Before: KRUPANSKY, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 James Lee Dillon appeals from a district court judgment denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, James Lee Dillon pleaded guilty to one count of using and carrying a firearm in connection with a crime of violence, and aiding and abetting, in violation of 18 U.S.C. Secs. 924(c) and 2. The court sentenced Dillon to a 10 year term of imprisonment and Dillon did not take a direct appeal from this conviction.
 
 
 3
 In 1994, Dillon filed a Sec. 2255 motion to vacate in which he challenged the district court's authority to impose the 10 year sentence he received. Responsive pleadings ensued and the district court ultimately denied the motion. This appeal followed and the parties have briefed the issues. Dillon is proceeding without benefit of counsel.
 
 
 4
 Examination of the record and law reflect that Dillon's central ground for relief is not cognizable in a Sec. 2255 motion and that, in any event, the case does not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Dillon was indicted for his role in a 1991 bank robbery in Henning, Tennessee. Dillon and a companion (Richard Myers) entered the bank and proceeded to demand money from the lone teller at gunpoint. The weapon was alleged to be a shotgun with an illegally shortened barrel. Myers was apprehended after the robbery in possession of the shotgun. Dillon was thereafter named in three counts of an indictment with a total exposure of 19 years imprisonment if convicted on all counts. The counts were armed bank robbery, in violation of 18 U.S.C. Sec. 2113(a), using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c), and possession of an unregistered firearm, a short-barreled shotgun, in violation of 26 U.S.C. Sec. 5861(d). (The entire indictment is not a part of the record before the court, but Dillon does not dispute the district court's characterization in this regard.) Dillon and his counsel then agreed to the government's offer of a plea agreement.
 
 
 6
 The terms of the plea bargain are the heart of the present motion to vacate. The government maintains that Dillon agreed to plead guilty to carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c), with the express understanding that the firearm used was an illegally shortened shotgun so as to bring the 10 year minimum sentence of 18 U.S.C. Sec. 924(c)(1) into play. In return, Dillon was to avoid the possibility of a 19 year prison term. Dillon's motion to vacate, however, is a tacit refutation of the government's position. His claim for relief is that 1) he was convicted of a violation of 18 U.S.C. Sec. 924(c), 2) the statutory penalty for a violation of Sec. 924(c) is 5 years, but 3) he was sentenced to a 10 year term of imprisonment, therefore 4) he is entitled to a "correction" of his sentence to reflect the authorized 5 year penalty. Dillon has never intimated that the indictment was defective or that his plea was involuntary based on the difference in sentences, although he does make a passing reference to ineffective assistance of trial counsel in other documents. Dillon seeks his immediate release as he claims he will have served the "correct" 5 year sentence.
 
 
 7
 The district court construed Dillon's motion as challenging his sentence on grounds of a defective indictment and ineffective assistance of counsel. The court concluded that the failure to specify the barrel length of the shotgun was not a constitutional defect, while noting that there was a lack of case law dealing with the issue. In addition, the court found that Dillon waived his right to object to the sufficiency of the indictment regardless of its possible deficiencies and that his trial counsel was not ineffective. On appeal, Dillon merely repeats his original claim and adds that no actual proof of the shotgun's barrel length was ever produced.
 
 
 8
 It is initially noted that there is nothing in the record to demonstrate why Dillon did not challenge the sentence on direct appeal from his conviction based on a counsel-aided guilty plea agreement nor is there any excuse offered for this failure. It is clear that a Sec. 2255 motion to vacate will not serve as a substitute for a direct appeal. Claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Dillon has never undertaken to explain the reason for his failure to contest the length of his sentence in his direct appeal when he could have done so and is thus now precluded from pursuing these claims in a collateral attack.
 
 
 9
 Dillon's claim also fails on the merits. The transcripts of Dillon's plea colloquy and his sentencing are replete with evidence that all parties were operating on the assumption that Dillon was pleading guilty to a crime involving a short-barreled shotgun and that the crime carried with it a 10 year term of imprisonment. In general, a solemn declaration of guilt carries a presumption of truthfulness; the subsequent presentation of unsupported or wholly incredible allegations to the contrary is subject to summary dismissal. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, a presumption of truthfulness accompanies Dillon's simultaneous admission under oath of his guilt and his acknowledgment of the aggravating sentencing factor at issue. The record also contains the affidavit of Stephen Parker, the Assistant United States Attorney who conducted the plea negotiations with Dillon. In this affidavit, Parker chronicles the Dillon prosecution and specifically states that all parties agreed to the 10 year short-barreled shotgun enhancement to avoid the possibility of a 19 year sentence. This sworn affidavit is uncontested and supported on the record. Dillon's allegations (stated or not) to the contrary are thus so "palpably incredible" or "patently frivolous" as to warrant summary dismissal without a hearing. Blackledge, 431 U.S. at 76.
 
 
 10
 Dillon also refers to ineffective assistance of counsel in connection to his core claim for relief. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). It is plain that Dillon cannot meet any aspect of the Strickland/Hill test. This appeal lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.