**UNITED STATES of America, Plaintiff,**

v.

**Candido SANCHEZ–REYES, et al., Defendants.**

**Crim. No. 07–007 (FAB).**

United States District Court, D. Puerto Rico.

June 17, 2010.

Dina Avila–Jimenez, United States Attorney's Office, San Juan, PR, for Plaintiff.

---

**14.** This Court notes that the hearing shall be held before the current Board.

Joseph C. Laws, Yasmin A. Irizarry, Federal Public Defender's Office, Hato Rey, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Candido Sanchez–Reyes's ("defendant") motion requesting an amended judgment pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"). (Docket No. 195.) Defendant requests that the judgment in this case be amended to allow him to serve his federal sentence concurrently with a sentence imposed by the Commonwealth of Puerto Rico. *Id.* Rule 36 provides that a "court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R.Crim. P. 36. The oversight on which defendant bases the present motion is his own failure to request that the federal sentence and local sentence be served concurrently at an August 12, 2009, resentencing hearing. (Docket No. 195.)

That failure, however, is clearly not the type of error or oversight that falls within the ambit of Rule 36. *See United States v. Ranney,* 298 F.3d 74, 81 (1st Cir.2002); *United States v. Ferguson,* 918 F.2d 627, 630–31 (6th Cir.1990). Rule 36 only applies to "straightforward clerical and technical errors," not substantive matters caused by counsel's failure to request relief at the appropriate time. *See id.* Accordingly, defendant's motion to amend the judgment in the present case, (Docket No. 195), is **DENIED.**

**IT IS SO ORDERED.**