1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael GLYNN, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3032.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: KEITH and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Glynn, Sr., a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In September 1989, Glynn pleaded guilty to possessing cocaine with the intent to distribute for which he was sentenced to sixty months imprisonment. Glynn did not appeal his conviction. Subsequently, Glynn filed three motions to reduce, modify, or correct his sentence under Fed.R.Crim.P. 35 and a motion for an award of jail credit. All of the motions were denied by the district court.
 
 
 3
 On December 9, 1991, Glynn filed his motion to reduce his sentence under Sec. 2255. The district court denied Glynn's Sec. 2255 motion on September 8, 1992. In his timely appeal, Glynn argues that: 1) his counsel was ineffective; 2) his sentence was illegally enhanced; 3) his Fifth Amendment rights were violated; 4) the plea agreement was breached; and 5) the wrong presentence investigation report was signed. He has moved for bail pending appeal.
 
 
 4
 Upon de novo review, we conclude that Glynn has failed to establish the denial of a substantive right in the proceedings that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 We initially note that the district court entered judgment on September 8, 1992. On October 1, 1992, Glynn filed a document indicating his desire to appeal the district court's judgment. Therefore, this document serves as a timely notice of appeal rather than the formal notice of appeal that Glynn filed on December 29, 1992. See Smith v. Barry, 112 S.Ct. 678, 681-82 (1992); United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991).
 
 
 6
 We further conclude that all of Glynn's claims except his ineffective counsel argument are barred. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Addonizio, 442 U.S. 178, 184 n. 10 (1979); Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989) (per curiam). Finally, Glynn has not shown that but for his attorney's alleged errors, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985). His arguments are meritless.
 
 
 7
 Accordingly, we deny the motion for bail pending appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.