1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ric J. SISNEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1258.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: MILBURN, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Ric J. Sisney, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1984, Sisney was indicted by a federal grand jury in Arizona for conspiring to possess marijuana with the intent to distribute and for possessing marijuana with the intent to distribute. In July 1984, he was again indicted by a federal grand jury in Arizona for bond jumping. Then, in June 1985, a federal grand jury in Michigan indicted Sisney for possessing and transporting pipe bombs and for using a telephone to make a threat.
 
 
 3
 In October 1985, Sisney pleaded guilty to the Michigan federal charges under a plea agreement made pursuant to Fed.R.Crim.P. 11. At the same time, Sisney pleaded guilty to the June 1984 Arizona federal indictment under Fed.R.Crim.P. 20. He was sentenced to eight years imprisonment on the Michigan federal charges. He also received a sentence of five years for each count of the June 1984 Arizona federal indictment, plus a special parole term of two years. The sentence on the Michigan federal charges was to be concurrently served with the sentences for the Arizona federal charges. All federal sentences were to be consecutively served with the state sentence Sisney was then serving. Sisney did not appeal this judgment.
 
 
 4
 In November 1992, Sisney filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 arguing that his sentence was contrary to his plea agreement and that the special parole provision of the sentence was not a part of the agreement, thus rendering his sentence illegal. The district court denied the motion. In his timely appeal, Sisney raises the same issues that he presented to the district court.
 
 
 5
 Upon de novo review, we conclude that Sisney has failed to establish the denial of a substantive right in the proceedings that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.