**Herbert Mitchell ADKINS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19506.**

United States Court of Appeals,
Sixth Circuit.

Feb. 13, 1970.

Herbert Mitchell Adkins, pro se.

Robert B. Krupansky, U. S. Atty.,
Harry E. Pickering, Asst. U. S. Atty.,
Cleveland, Ohio, for appellee.

Before WEICK and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Herbert M. Adkins, appellant, appeals from an order denying his motion under Section 2255, Title 28, U.S.C to vacate his judgment of conviction entered upon his plea of guilty to a charge of bank robbery in violation of Section 2113, Title 18, U.S.C. On September 29, 1966, appellant was indicted with others on two bank robbery charges to which we will refer as the Mansfield and Lordstown robberies. On November 6, 1967, the appellant pleaded guilty to the Mansfield indictment. On the same day his co-defendants, Warner and Crockett, pleaded guilty to the Lordstown indictment. All three defendants were referred to the probation office for pre-sentence reports. On January 26, 1968, they were sentenced to 20 years imprisonment. At that time the Lordstown indictment was dismissed as to Adkins.

In his 2255 motion the appellant claims that his plea of guilty was coerced and that the district judge erred in not granting him a hearing on his motion. He supports his motion by three affidavits by which he seeks to raise a question of fact requiring an evidentiary hearing in the District Court. The affidavits are his own, his wife's and the wife of the defendant, Crockett, all attached to his motion.

The substance of the appellant's claim of coercion as stated in his affidavit is,

"That, at the time of my sentencing before the Honorable James C. Connell, I was told by my defense counsel that if I was found guilty by a jury of both counts of armed bank robbery, that the sentences would be twenty-five (25) years each, running consecutively; whereas if I would plead guilty to one charge, the other charge would be dismissed and parole would be granted in seven (7) years."

He says further that his lawyer (privately employed) recommended a plea of

guilty "as urged by Judge Connell" in spite of the fact that he had a good defense, and that these threats of two twenty-five year sentences, alleged to have been made by Judge Connell, acted upon him coercively and caused him mental distress under which he pleaded guilty.

Both supporting witnesses say in their affidavits,

"That at the time said Herbert Mitchell Adkins was sentenced by Hon. James C. Connell, the said prisoner was told by said James C. Connell that if he was found guilty by a jury of both counts of armed bank robbery, that the sentences would be of 25 years each, running consecutively, whereas if he would plead to one charge, the other charge would be dismissed and parole would be granted in 7 years."

Both of these affiants say that Judge Connell made the statements in question and neither of them say that they heard him make the statements. Further, they are in conflict with the appellant who says that at the time of sentencing he was told by his defense counsel that he could be given two 25 year sentences if he was found guilty by a jury.

Finally, it is stated in all of these affidavits that the alleged coercing statements were made at the time of sentencing. The sentencing occurred on January 26, 1968, after presentencing investigations and reports had been made, whereas the pleas of guilty of the appellant and his co-defendants were made on November 6, 1967. Whatever statements were made at the time of sentencing obviously did not influence the pleas of guilty made more than two months earlier.

A transcript of the proceedings of the court at the time the appellant pleaded guilty is before us. It shows a careful examination on the part of Judge Connell to see that the plea was not induced by any threats or promises. Appellant's motion and affidavits were too conclusory in nature and too lacking in specificity to pose any issue of fact requiring evidentiary hearing. The motion, files and record in the case conclusively show that the appellant is entitled to no relief.

Affirmed.