9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph NAPIER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5412.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Ralph Napier, a pro se federal prisoner, appeals from a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Napier was named in three counts of a four count federal indictment. In count one, Napier, along with co-defendants Charles Spencer and Charlotte Terry, was charged with conspiring to possess with intent to distribute approximately seventeen pounds of marijuana, in violation of 21 U.S.C. Sec. 846, and with aiding and abetting the conspiracy to possess with intent to distribute marijuana, in violation of 18 U.S.C. Sec. 2. In count two, Napier, along with the co-defendants, was charged with possession with intent to distribute approximately seventeen pounds of marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). In count three, Napier, along with Spencer, was charged with using and carrying a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 3
 A jury returned a verdict of guilty on all three counts, and Napier was sentenced to serve thirty-two months of imprisonment on counts one and two and sixty months of imprisonment on count three, to run consecutively. On direct appeal, the judgment of conviction was affirmed.
 
 
 4
 Napier then filed the present motion to vacate his sentence raising the sole claim of ineffective assistance of counsel. Napier made four arguments to support his claim: 1) he argued that his counsel was ineffective by not raising the issue of the sufficiency of the evidence supporting the conspiracy conviction, 2) he argued that his counsel was ineffective for not exploring the issue of improper prosecution, 3) he argued that his counsel was ineffective for not objecting to the use of restraints during the trial, and 4) he argued that counsel was ineffective by not raising the issue of the sufficiency of the evidence supporting the firearm conviction. Napier also requested an evidentiary hearing. The district court denied Napier's motion without an evidentiary hearing.
 
 
 5
 To prevail on an ineffective assistance of counsel claim, Napier must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A strong presumption exists that counsel's representation fell within the wide range of reasonable professional assistance. Id. at 689. Napier bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).
 
 
 6
 Napier argues that his counsel was ineffective by not moving for a judgment of acquittal on the conspiracy charge as the evidence to support that charge was insufficient. A review of the trial transcripts satisfies this court that Napier has failed to show any prejudice on this issue.
 
 
 7
 When the sufficiency of the evidence supporting a guilty verdict is at issue, the standard of review is whether, after reviewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The essential elements of a conspiracy to violate 21 U.S.C. Sec. 841(a)(1) are that the defendants entered into an agreement to possess with intent to distribute marijuana, that the defendants did so willingly, and that one of the conspirators knowingly committed at least one overt act in furtherance of the conspiracy. United States v. Hitow, 889 F.2d 1573, 1577 (6th Cir.1989). At trial, Napier admitted that, on November 19, 1990, he met with co-defendant Spencer for the purpose of securing and selling marijuana to an individual who turned out to be an undercover police officer. There was evidence that the amount involved was approximately seventeen pounds. Napier's admissions, along with the testimony of his co-defendants and of the undercover police officer, convince this court that there was sufficient evidence to support Napier's conspiracy conviction.
 
 
 8
 Napier argues that a federal prosecution was improper when the investigation of his case was carried out by state agents. Napier alleges that the sole reason for pursuing a federal prosecution was to secure a longer sentence than could be secured in state court. According to Napier, his counsel was ineffective for not raising this issue. Napier's argument is meritless. Prosecutors are given great discretion in determining which cases to prosecute; and, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision to prosecute generally rests entirely in the prosecutor's discretion. United States v. Allen, 954 F.2d 1160, 1166 (6th Cir.1992). In the present case, Napier has made no showing that the decision to prosecute was based on an improper motive or that the prosecutor was not exercising her own discretion in deciding to prosecute. Moreover, a prosecutor may properly base her decision to prosecute on the penalties available upon conviction when determining what offense should be charged against the defendant. Id. Accordingly, Napier suffered no prejudice on this issue.
 
 
 9
 Napier contends that he was "shackled" throughout the entire court proceedings. According to Napier, his counsel did not object and was therefore ineffective as the presence of the shackles affected the fairness of the trial. Napier also argues that an evidentiary hearing was necessary to resolve factual disputes on this issue. We disagree.
 
 
 10
 Section 2255 allows for the district court to exercise discretion in determining whether an evidentiary hearing is required. Machibroda v. United States, 368 U.S. 487, 495 (1962). The record need not "conclusively and expressly belie [the movant's] claim" for a district court to deny a motion without a hearing. Id. The trial judge may call upon his own independent recollection of the trial when deciding a Sec. 2255 motion. See Blackledge v. Allison, 431 U.S. 63, 74 n. 4 (1977); United States v. MacCollom, 426 U.S. 317, 326 n. 4 (1976); Machibroda, 368 U.S. at 495. To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under Sec. 2255. See Machibroda, 368 U.S. at 496; Adkins v. United States, 421 F.2d 692, 693 (6th Cir.1970). In denying an evidentiary hearing, the district court exercised its independent recollection and determined that Napier was not displayed to the jury in restraints. Moreover, Napier's allegations and the statements contained within the affidavits submitted in support of his motion were conclusory and lacking in specificity. Therefore, there was no abuse of discretion in denying Napier an evidentiary hearing, and counsel was not ineffective for not raising the issue.
 
 
 11
 Finally, Napier alleges that his counsel was ineffective by not raising the issue of the sufficiency of the evidence supporting the firearm conviction. Napier's allegation is without merit. The transcripts of the trial demonstrate that this precise issue was raised by counsel in two motions for acquittal. Moreover, this issue was raised and decided adversely to Napier on direct appeal.
 
 
 12
 In sum, Napier has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 13
 Accordingly, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.