7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven ALLMOND, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6581.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 Before: MERRITT, Chief Judge; NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Steven Allmond initially pleaded not guilty to charges of possession with intent to distribute and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. After hearing the prosecution's opening argument, however, he changed his plea to guilty. Pursuant to a Fed.R.Crim.P. 11 plea agreement, he was sentenced to serve 120 months' imprisonment and five years' supervised release. He did not appeal the conviction or sentence.
 
 
 3
 In his motion to vacate sentence, Allmond maintained that ineffective assistance of counsel resulted in an invalid plea of guilty. He alleged that he is in fact innocent and that he pleaded guilty only because the prosecution's summary of evidence appeared overwhelming and he wanted to avoid the maximum penalty which included life imprisonment. He further asserted that the evidence would not have been sufficient to support a conviction and, if he were properly advised by counsel, that he would have insisted on going to trial. He requested that counsel be appointed for him and that an evidentiary hearing be scheduled.
 
 
 4
 The district court determined that an evidentiary hearing was not required and that the case did not merit the assistance of appointed counsel. The district court further determined that the claims lacked merit and denied the motion to vacate.
 
 
 5
 Upon review, we conclude that the motion to vacate was properly denied. Allmond has not shown a fundamental defect in the proceedings that results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Allmond's claim of ineffective assistance of counsel lacks merit. To succeed on a claim of ineffective assistance, Allmond must show that counsel's performance was deficient and a reasonable probability that, but for the deficiency, the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To show a different outcome when the claim is based on an allegedly invalid guilty plea, Allmond must prove that he would have otherwise proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 7
 Allmond has not shown that his counsel's performance was deficient. Review of the record shows that Allmond had an ample opportunity to discuss the matter with his attorney and that he was satisfied with his advice and counsel. Allmond's decision to change his plea was entirely his own.
 
 
 8
 Allmond has not shown prejudice. A guilty plea is valid if it represents a voluntary and intelligent choice among alternatives. North Carolina v. Alford, 400 U.S. 25, 31 (1970). The plea is not subject to constitutional attack simply because Allmond maintained a claim of innocence. See id. at 37. Moreover, the plea is not subject to attack on grounds that Allmond may have overestimated the strength of the case against him. See Brady v. United States, 397 U.S. 742, 756-57 (1970). Where it is clear that he was fully informed of his rights, the nature of the charges against him, and the possible penalties involved, he cannot now assert that his plea is invalid. See id. at 749. His present assertion, that if he had gone to trial the evidence would not have supported a conviction, does not render the plea invalid. See id. at 757.
 
 
 9
 Additionally, no evidentiary hearing was required because the files and the records conclusively show that Allmond is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). The district court did not abuse its discretion by failing to appoint counsel to assist Allmond on his motion to vacate. See Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir.1993). Allmond did not show exceptional circumstances that would warrant the appointment of counsel. See id. at 606.
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.