16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alfred A. CONTI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3747.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KENNEDY, JONES and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Alfred A. Conti, a pro se prisoner, appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1990, a federal jury found Conti guilty of one count of conspiracy to distribute cocaine and three counts of possessing cocaine with intent to distribute. Conti was sentenced to 135 months of imprisonment, five years of supervised release and a special assessment of $200. Conti appealed his conviction and sentence, arguing that: 1) the affidavit in support of the wire-tap of his telephone did not establish probable cause, and that all evidence derived from the intercepted conversations should have been suppressed; 2) the trial court erred in failing to grant a mistrial and in failing to grant him a continuance to recall a witness; 3) the sentencing guidelines violate his due process rights because they give the U.S. Attorney de facto control over the sentencing process; 4) the trial court erred in finding an adjusted offense level of 32, based upon "6.5 [sic] kilograms of cocaine;" and 5) the trial court erred by failing to "depart downward" in his sentence as compared to the sentences of his more culpable co-defendants. The court consolidated Conti's appeal with the appeals of his co-defendants and held that Conti's claims were without merit and affirmed his conviction and sentence. United States v. DeBelko, Nos. 90-3926, etc. (6th Cir. Jan. 9, 1992). Next, Conti filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255, essentially raising the same claims raised in his direct appeal. The district court denied the motion as without merit.
 
 
 3
 In his current and second Sec. 2255 motion to vacate, Conti argues that his participation in the crime was minimal and that the district court should not have held him accountable for the total amount of cocaine involved in the conspiracy. Thus, he argues that he is entitled to a sentence reduction. The district court denied the motion as an abuse of procedure under Rule 9(b), Rules Governing Section 2255 Proceedings.
 
 
 4
 Upon review, we affirm the district court's judgment because Conti has not shown a defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Conti's current motion to vacate was properly denied as an abuse of the writ. See Rule 9(b), Rules Governing Section 2255 Proceedings.
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.