19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles L. BALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4163.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: NELSON and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles L. Ball, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Ball pleaded guilty to conspiring to distribute cocaine. He received a sentence of 121 months of incarceration and four years of supervised release. Ball did not appeal the district court's judgment. Upon motion of the United States, the sentence was subsequently reduced to 78 months of incarceration.
 
 
 3
 Ball then filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255, arguing among other things that he did not receive effective assistance of counsel and that his guilty plea was not voluntary. The district court denied the motion, and Ball moved for leave to appeal in forma pauperis. He requests oral argument.
 
 
 4
 Upon review, we conclude that Ball has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990).
 
 
 5
 To show that he was denied effective assistance of counsel, Ball must show that his attorney's performance was deficient and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). In the context of a guilty plea, Ball must show that, but for the attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas, 818 F.2d at 480. Ball has failed to make the necessary showing.
 
 
 6
 Neither has Ball shown that his guilty plea was not knowingly and voluntarily entered. He contends in his brief that he thought his plea agreement was based on one kilogram of cocaine rather than five kilograms. At the plea hearing, however, Ball heard a government agent state that Ball had admitted to complicity in the distribution of more than five kilograms of cocaine. Asked by the court if he wished to make any correction, Ball responded "No, Your Honor. That's the truth." As the district court subsequently observed in denying Ball's Sec. 2255 motion, "the amount of drugs used to calculate the [guideline sentence] range was supported by a preponderance of the evidence agreed to by the petitioner."
 
 
 7
 Accordingly, we deny the request for oral argument, grant the motion to proceed in forma pauperis for purposes of this appeal only, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.