23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerry O'Keith WALKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2285.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry O'Keith Walker, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, a jury convicted Walker of conspiring to distribute cocaine and cocaine base. He was sentenced to thirty years of imprisonment. The court also ordered the forfeiture of Walker's 1988 Cadillac Fleetwood. On appeal, this court affirmed the conviction and remanded the case for further clarification of the forfeiture issue. United States v. Walker, No. 89-1691, 1990 WL 127586, * 6, 1990 U.S.App. LEXIS 15624, * 15 (6th Cir. Sept. 4, 1990) (per curiam), cert. denied, 498 U.S. 1099 (1991).
 
 
 3
 Walker then filed his motion to vacate his sentence contending that his counsel rendered ineffective assistance. The district court denied the motion as meritless.
 
 
 4
 In his timely appeal, Walker continues to argue the merits of his motion. He also contends that he was entitled to an evidentiary hearing on his motion and appears to argue that the Honorable Stewart Newblatt, the district judge who drew the motion, should not have transferred the case to the Honorable George E. Woods, the district judge who presided over Walker's criminal trial. Finally, Walker has filed a motion that is basically a motion to strike respondent's brief.
 
 
 5
 Upon review, we affirm the district court's judgment because Walker has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Walker contends that his trial attorney rendered ineffective assistance for several reasons. To establish that his attorney rendered ineffective assistance, Walker must show that his attorney's performance was so deficient as to render the proceedings unfair and the results unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). After reviewing the record, we conclude that counsel did render effective assistance. The argument is without merit.
 
 
 7
 Walker also appears to object to Judge Newblatt's decision to transfer his motion to Judge Woods. Under Rule 4(a) of the Rules Governing Section 2255 Proceedings in the United States District Court, motions to vacate a sentence must be presented promptly to the district judge who presided over the movant's trial. Judge Woods was the presiding judge in Walker's criminal trial. Therefore, Judge Newblatt's transfer was proper. Finally, Walker was not entitled to an evidentiary hearing on his motion because the record conclusively showed that he was not entitled to relief. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 8
 Accordingly, we deny the motion to strike respondent's brief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.