23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lammotto B. SHAFFER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6037.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges, and HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Lammotto Shaffer was convicted of possession of 660 grams of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and carrying and using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c), pursuant to an earlier guilty plea. The district court sentenced Shaffer to a 101 month term of imprisonment and Shaffer did not take a direct appeal from this judgment.
 
 
 4
 In 1993, Shaffer filed a Sec. 2255 motion in which he challenged only the length of his sentence. The district court denied the relief sought, without requiring a response, and this appeal followed. The parties have briefed the issues; Shaffer is proceeding without benefit of counsel.
 
 
 5
 Shaffer raised three claims in his motion to vacate. On appeal, he argues the merits of one of these claims and asserts a new claim. The record and law indicate Shaffer's new claim is not cognizable in this forum; the other claim does not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Shaffer originally brought three claims in his Sec. 2255 motion:
 
 
 7
 1) The trial court committed reversible error when it decided not to carry out the plea agreement reached between the prosecutor and defense counsel;
 
 
 8
 2) The trial court committed reversible error when it failed to advise petitioner of the consequence of his plea as required by federal law pursuant to Fed.R.Crim.P. 11; and
 
 
 9
 3) The trial court committed reversible error when it decided to sentence petitioner outside of the guideline as provided pursuant to the United States Federal Sentencing Guidelines. (This is an assertion that his sentence enhancement was improper for want of timely notice in accordance with the statutory enhancement provisions of 21 U.S.C. Sec. 851.)
 
 
 10
 Shaffer's motion is directed to the length of his sentence only; he concedes he committed the offenses to which he pleaded guilty.
 
 
 11
 The district court summarily disposed of Shaffer's motion. The court found the first and second grounds for relief were of no moment as Shaffer did not seek to vitiate his guilty plea. The court further held that, as Shaffer's sentence enhancement was effected pursuant to the guidelines (U.S.S.G. Sec. 4B1.1) rather than statute, the provisions of 21 U.S.C. Sec. 851 did not govern the enhancement.
 
 
 12
 On appeal, Shaffer makes the following two assignments of error:
 
 
 13
 1) The district court erred in rejecting Shaffer's contention that his sentence enhancement as a repeat offender was illegal for failure of the government to comply with the notice provisions of 21 U.S.C. Sec. 851, and
 
 
 14
 2) The sentences used to enhance Shaffer's sentence were constitutionally infirm.
 
 
 15
 The first appellate claim is essentially identical to the third claim presented in the body of the Sec. 2255 motion. The second argument is being raised for the first time on appeal.
 
 
 16
 This appeal lacks merit. It is initially noted that Shaffer does not contend that the district court erred in its disposition of his first and second claims. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). These claims are therefore not before the court.
 
 
 17
 Shaffer's first appellate issue, concerning the applicability of 21 U.S.C. Sec. 851, could have been raised on direct appeal but was not. Claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Frady applies to a defendant who has pleaded guilty and first raises challenges to his conviction in a collateral attack. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Shaffer has not demonstrated or even alleged cause for the omission or prejudice resulting therefrom. This claim should not be considered on collateral attack. There is, incidentally, no reason of record to question the district court's characterization of Shaffer's sentence as the product of a pure guideline enhancement.
 
 
 18
 Finally, Shaffer's second appellate argument was never presented to the district court. An appellate court normally will decline to address an issue not previously presented to the district court in the first instance absent extraordinary circumstances or to prevent an injustice. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993); Brown v. Crowe, 963 F.2d 895, 897-98 (6th Cir.1992). There is absolutely no indication that Shaffer's sentence was unjustly enhanced or that this case presents extraordinary circumstances not normally found in a motion to vacate. The appeal is meritless.
 
 
 19
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation