25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas James SAVOCA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6275.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before RYAN and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 2
 Following a jury trial, Thomas James Savoca, with a codefendant, was convicted of bank robbery and firearm charges based on the armed robbery of a Frankfort, Kentucky, bank in April 1987. Savoca was sentenced to serve a total term of thirty years of imprisonment. His conviction and sentence were affirmed on appeal. United States v. Carey, Nos. 88-5606 and 88-5612 (6th Cir. Apr. 3, 1989) (per curiam).
 
 
 3
 In his motion to vacate sentence, Savoca claimed in part that he received ineffective assistance of counsel. In particular, Savoca asserted that his counsel failed to object to a reference in count four of the indictment to a prior conviction for armed bank robbery. Count four of the indictment charged Savoca with possession of a firearm by a felon in violation of 18 U.S.C. Secs. 922(g) and 924(a). Savoca maintained that the reference to the specific offense was prejudicial and inadmissible evidence of a prior bad act and should not have been revealed to the jury.
 
 
 4
 The matter was referred to a magistrate judge who recommended that the motion to vacate sentence be denied. Savoca was advised that any objections must be served and filed within ten days of receipt of the magistrate judge's report and recommendation. Although Savoca was granted an extension of time, his objections to the magistrate judge's report and recommendation were not filed within the extended time period. The district court (Siler, J., sitting by designation) noted Savoca's failure to file timely objections and adopted the magistrate judge's recommendation to deny the motion to vacate sentence.
 
 
 5
 On appeal, Savoca reasserts that counsel's failure to object to the specific reference to armed bank robbery denied him a fundamentally fair trial.
 
 
 6
 Upon review, we conclude that Savoca's failure to file timely objections to the magistrate judge's report and recommendation resulted in a waiver of his right to present his claim on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Savoca's argument that his objections include a certification of a timely service date is unavailing because the objections were not also timely filed. See 28 U.S.C. Sec. 636(b)(1).
 
 
 7
 Even when his claim of ineffective assistance of counsel is reviewed on the merits, Savoca has not shown that he is entitled to relief. A petitioner who seeks to challenge his sentence under 28 U.S.C. Sec. 2255 must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). To succeed on a claim of ineffective assistance, a petitioner must establish that his counsel's performance was deficient and a reasonable probability that, but for the deficiency, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Savoca has not met this standard. Additionally, because Savoca does not argue the merits of other claims presented in his motion to vacate sentence, these claims are deemed abandoned and are not subject to review on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 ENTERED BY ORDER OF THE COURT